DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brad Bacon, appeals from the judgment of the Akron Municipal Court which denied his request for statutory damages under R.C. 5321.16. This Court reverses.
 I. {¶ 2} The parties entered into a written agreement for the eleven-month rental of a residence owned by Appellee, Atlas Home Corp. ("Landlord"). On or about September 8, 2004, Appellant ("Tenant") vacated the premises. In a letter dated September 11, 2004, Tenant requested that Landlord return his $1,000.00 security deposit and provided Landlord with two forwarding addresses. When the parties met a few weeks later, Landlord informed Tenant that he would not return the security deposit and that he would contact Tenant once he determined the extent of the damages to the premises. In the month following the termination of the rental agreement, Landlord failed to provide Tenant with (1) written notice of his itemized deductions and/or (2) any portion of the security deposit.
 {¶ 3} On October 16, 2002, Tenant filed suit against Landlord in Small Claims Court, requesting return of his security deposit plus statutory damages under R.C. 5321.16 and court costs. Landlord filed an answer and counterclaim in which it alleged damages to its premises. The Small Claims Court awarded Tenant $1,000.00 for his deposit but did not award statutory damages. Landlord objected to his lack of legal representation at the hearing and filed a motion to remove the case to the regular docket. The Small Claims Court granted Landlord's motion and the case proceeded to trial before a Judge of the Akron Municipal Court. At trial, the court found that Landlord had proven damages to the premises in the amount of $300.00. The court therefore awarded Tenant $700.00 for the return of his security deposit, which represented the amount of Tenant's security deposit less the $300.00 in damages. The court further found that Tenant was not entitled to damages under R.C. 5321.16 because (1) Tenant's claim for attorney fees was not reasonable and (2) Tenant was not entitled to additional damages under the statute. Tenant timely appealed from this judgment, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT FAILED TO AWARD STATUTORY DAMAGES AND ATTORNEY'S FEES AFTER FINDING THAT THE LANDLORD FAILED TO COMPLY WITH [R.C.] 5321.16(B)."
 {¶ 4} In his sole assignment of error, Tenant claims that the trial court erred by failing to award him statutory damages and attorney fees. He contends that the trial court was required to award him statutory damages and attorney fees once it determined that Landlord had failed to comply with R.C. 5321.16(B). We agree.
 {¶ 5} Landlord contends that this Court must review the trial court's decision under the abuse of discretion standard. However, Tenant's assignment of error directs this Court to consider whether the trial court erred in failing to award him statutory damages and attorney fees, not whether the trial court abused its discretion. We will, therefore, consider whether the trial court decision is erroneous as a matter of law.
 {¶ 6} An appellate court considers an appeal from a trial court's interpretation and application of a statute de novo.State v. Sufronko (1995), 105 Ohio App.3d 504, 506. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 7} R.C. 5321.16 provides the procedure that landlords must follow with respect to the return of security deposits:
"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security depositshall be itemized and identified by the landlord in a writtennotice delivered to the tenant together with the amount due,within thirty days after termination of the rental agreement anddelivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." (Emphasis added.).
 {¶ 8} Thus, under R.C. 5321.16, a landlord who has suffered damages after a tenant has terminated his lease may retain that portion of the security deposit necessary to remedy the damages upon furnishing a written notice to the tenant itemizing the damages and the amount withheld, and returning the remaining portion of the security deposit "within thirty days after termination of the rental agreement and delivery of possession." R.C. 5321.16(B). "[A] landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees." Smith. v. Padgett (1987), 32 Ohio St.3d 344, 349;Budler v. Empire Mgt. Group, 9th Dist. No. 22376, at2005-Ohio-2144 (holding that because landlord did not return the remainder of the security deposit to tenants, tenants were entitled to recover double the balance owed on their security deposit along with attorney fees). In fact, "the award of damages provided in R.C. 5321.16(C) is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit." Klemas v.Flynn (1993), 66 Ohio St.3d 249, 251, citing Padgett,
32 Ohio St.3d, at paragraph three of the syllabus. The Ohio Supreme Court has held that the "term `amount wrongfully withheld' means the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make." Vardeman v.Llewellyn (1985), 17 Ohio St.3d 24, 29.
 {¶ 9} In the instant case, neither party disputes that (1) on or about September 11, 2002, Tenant vacated the premises, turned over possession of the property to Landlord, sent Landlord notice that he was vacating the premises and included two forwarding addresses, (2) on October 16, 2002, Tenant filed this complaint and (3) Landlord did not provide Tenant with written notice itemizing the damages and the amount of the security deposit he withheld within thirty days after termination of the rental agreement and delivery of possession. The fact that the parties met a few weeks after Tenant vacated the premises, at which time Landlord informed Tenant that he would not return the security deposit and would apprise Tenant of any damages to the premises once he determined the extent of the damages, is of no legal consequence. These undisputed facts establish that when Landlord failed to provide Tenant with written notice itemizing any damages along with the remaining portion of the security deposit, within thirty days of the termination of the rental agreement and delivery of possession of the premises, Landlord violated R.C.5321.16(B).
 {¶ 10} The trial court found that Landlord was entitled to deduct $300.00 from the security deposit, but had an obligation to return the remaining $700.00 to Tenant. See R.C. 5321.16; see, also, Vardeman, 17 Ohio St.3d at 28; Padgett,32 Ohio St.3d at 349. The Ohio Supreme Court has held that "the award of damages provided in R.C. 5321.16(C) [double damages and reasonable attorney fees] is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit." Klemas,66 Ohio St.3d at 251, citing Padgett, 32 Ohio St.3d 344, at paragraph three of the syllabus. Upon the trial court's finding that Landlord wrongfully withheld a portion of the security deposit, the court was obligated under Ohio law to award both double damages and reasonable attorney fees. Consequently, we find that Tenant was entitled to $1,400.00, or twice the $700.00 balance owed on the security deposit along with reasonable attorney fees.
 {¶ 11} The trial court shall award attorney fees "on the basis of the evidence presented * * *. However, the award of attorney fees must relate solely to the fees attributable to the tenant's security deposit claim under R.C. 5321.16, and not to any additional claims." Padgett, 32 Ohio St.3d at 349. As the trial court may exercise its discretion in determining the award of attorney fees, we remand so that the trial court may award reasonable attorney fees. Tenant's assignment of error is sustained.
 III. {¶ 12} Tenant's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Reader, J., Concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)