DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Michael O'Day, and Appellee/Cross-Appellant, Scott Kane, appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part and remands for proceedings consistent with this opinion.
 I. {¶ 2} This case arises from an automobile accident that occurred on September 12, 2002. Michael O'Day ("Appellant") was the driver of an automobile that collided with an automobile operated by Michael Saverko ("Saverko"). Appellant subleased his automobile from a former employer, DB *Page 2 
Sales ("DB") and Saverko was driving a truck in the scope of his employment with Youngstown Bridge and Iron Company ("Youngstown"). Scott Kane ("Appellee") was a passenger in Appellant's automobile. Both Appellant and Appellee were injured in the accident.
 {¶ 3} Appellee filed suit on October 1, 2003 against Appellant, DB, Saverko, and Youngstown. On September 21, 2004, Appellee settled his claims with Saverko and Youngstown for $47,500. However, this settlement agreement was not part of the record before this Court. Appellee executed a release of claims in which Saverko did not admit liability. Appellee then dismissed his claims against Youngstown and Saverko on March 24, 2005. Saverko and Youngstown will hereinafter be referred to collectively as Saverko. On November 8, 2004, Appellant and DB filed a motion for judicial adjudication of liability or in the alternative, a motion for set-off. Appellant also filed a motion to compel Appellee to disclose the amount of his settlement with Saverko. The trial court denied both motions and the case proceeded to a jury trial on March 7, 2006.
 {¶ 4} At trial, DB was dismissed from the case. Although Saverko was no longer a party in the case, Appellant argued that he was solely at fault for the accident. Appellant submitted a request to present a jury interrogatory apportioning liability between Appellant and Saverko. The trial court denied this request. The jury found Appellant liable to Appellee in the amount of $20,000. Both parties moved for judgment notwithstanding the verdict ("JNOV") which the *Page 3 
trial court denied. Appellant timely appealed, raising three assignments of error. In addition, Appellee cross-appealed, raising one assignment of error.
 II. APPELLANT'S ASSIGNMENT OF ERROR I "THE TRIAL COURT IMPROPERLY DENIED APPELLANT A SET-OFF OF THE SETTLEMENT AMOUNT PAID TO APPELLEE BY [SAVERKO]."
 {¶ 5} In his first assignment of error, Appellant argues that the trial court improperly denied him a set-off of the settlement amount paid to Appellee by Saverko. We do not agree.
 {¶ 6} Appellant specifically argues that the trial court erred in failing to grant his motion for judicial adjudication of liability or in the alternative, a motion for a set-off. He based this motion on the holdings of Fidelholtz v. Peller (1998), 81 Ohio St.3d 197, and In reMiamisburg Train Derailment Litigation (1999), 132 Ohio App.3d 571, interpreting the statutory right of a remaining defendant to a set-off of amounts paid by a settling co-defendant. We review a trial court's interpretation and application of a statute de novo. State v.Sufronko (1995), 105 Ohio App.3d 504, 506. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." Bacon v. Atlas Home Corp., 9th Dist. No. 22471, 2005-Ohio-6979, at ¶ 6. *Page 4 
 {¶ 7} Despite Appellant's contentions, the applicable statute in this case is R.C. 2307.32[1]. This statute states, in pertinent part:
 "(F) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply: (1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is greater." (Emphasis added.)
 {¶ 8} Therefore, in order to award a set-off, there must first be a determination that Saverko was liable in tort. R.C. 2307.32;Fidelholtz, 81 Ohio St.3d at syllabus. "A person is `liable in tort' when he or she acted tortiously and thereby caused damages. This determination may be a jury finding, a judicial adjudication, stipulations of the parties or the release language itself."Fidelholtz, 81 Ohio St.3d at syllabus.
 {¶ 9} In this assignment of error, Appellant specifically challenges the denial of his request for a judicial decree that Saverko was liable in tort. He bases this argument on the pleadings and states that because Appellee filed a complaint *Page 5 
against Saverko, alleging he was liable to him in tort, Appellee has verified that Saverko was liable in tort and thus he is entitled to a set-off. With this argument, Appellant has ignored a fundamental fact before the Miamisburg court that was not before the trial court in the instant case. The reasoning in Miamisburg was based upon a request for admissions. Miamisburg, 132 Ohio App.3d at 588. In that case, the court determined that a plaintiff, once he had alleged in his complaint that a defendant was liable in tort, could not deny the same in a request for admissions. Id. There was no such request for admissions in this case. Instead, Appellant filed a motion for judicial adjudication, relying solely upon the allegations in the complaint.
 {¶ 10} Finally, "[a] settlement is not tantamount to an admission of liability." Fidelholtz, 81 Ohio St.3d at 201. Therefore, Appellant cannot rely on the fact that there was a settlement between Appellee and Saverko without proving that Saverko was liable in tort. Further, Saverko expressly denied liability in the settlement agreement. Appellant did not provide the trial court with any evidence in his motion for judicial adjudication that Saverko was liable in tort. As we have stated, a reliance on the complaint is not enough to prove Appellee was liable in tort. Therefore, we find that the trial court properly denied these motions as it could not determine that Saverko was liable in tort. *Page 6 
 APPELLANT'S ASSIGNMENT OF ERROR II "THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S PROPOSED JURY INSTRUCTION, WHICH WOULD HAVE ALLOWED A JURY DETERMINATION OF LIABILITY ATTRIBUTABLE TO SETTLING CO-DEFENDANTS, AND THEREBY PREVENTED APPELLANT FROM ESTABLISHING HIS RIGHT TO A SETOFF OF AMOUNTS PAID TO APPELLEE BY [SAVERKO]."
 {¶ 11} In his second assignment of error, Appellant argues that the trial court improperly denied his proposed jury instruction, which would have allowed a jury determination of liability attributable to Saverko, thereby preventing him from establishing a right to a set-off of amounts paid by Saverko. We disagree.
 {¶ 12} We review a trial court's determination to submit interrogatories to the jury for abuse of discretion. Freeman v. Norfolk W. Ry. Co. (1994), 69 Ohio St.3d 611, 614-615. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 13} This Court initially notes that Saverko was dismissed from the case before it proceeded to trial.
 "Civ.R. 41(A)(1)(a) allows a plaintiff to voluntarily dismiss all of his or her claims against a defendant, without approval of the court or any adverse party, by filing a notice of dismissal prior to trial, unless the case involves a counterclaim which cannot be independently adjudicated. Unless otherwise stated in the notice of dismissal, the first Civ.R. 41(A)(1) dismissal is without prejudice and renders the parties specifically named in the dismissal as if no suit had ever been filed." (Internal citations omitted.) Haller v. Goodyear Tire Rubber Co., 9th Dist. Nos. 20669, 20670, 2002-Ohio-3187, at ¶ 10. *Page 7 
 {¶ 14} In the present case, there was no counterclaim to be adjudicated and Appellee properly filed a notice of dismissal with the trial court prior to trial, dismissing Saverko with prejudice. Therefore, at the time the case went to the jury, Saverko was no longer a defendant to the action.
 {¶ 15} R.C. 2307.32(E) states that "[v]alid answers to interrogatories by a jury * * * in determining the liability of the severaldefendants for an injury or loss to a person * * * shall be binding as among such defendants in determining their right to contribution." Emphasis added. As Saverko was not a defendant at the trial, interrogatories could not be used to determine that he was a person "liable in tort" as was necessary to trigger Appellant's right to a set-off under R.C. 2307.32(F).
 {¶ 16} We are further persuaded by the Ohio Supreme Court's reasoning in Eberly v. A-P Controls, Inc. (1991), 61 Ohio St.3d 27. In that case, the Supreme Court construed R.C. 2315.19 in conjunction with R.C.2307.32(E). The Court explained that R.C. 2315.19 required interrogatories allocating fault whenever the plaintiffs contributory negligence was pled as a defense. If the jury then returned answers to these interrogatories allocating no fault to the plaintiff, then joint and several liability would lie. In such a situation, the jury interrogatories, which have *Page 8 
already allocated fault among the defendants, would set forth contribution rights pursuant to R.C. 2307.32(E). The Court expressly stated that these interrogatories could not include previously settled defendants as they were no longer "parties" to the action. Id. at 34. We realize that R.C. 2315.19 does not apply in the instant case as there was no allegation of negligence on the part of Appellee. However, we are persuaded to apply the Court's reasoning that R.C. 2315.19 is not applicable to non-parties because the statute specifically allows a jury to answer interrogatories addressing the fault of "each party to the action," to R.C. 2307.32(E), which allows interrogatories to determine the liability of each defendant. (Emphasis added.) Id. Therefore, we find that Appellant's argument is without merit and that jury interrogatories were not appropriate to determine the liability of a non-defendant. Accordingly, Appellant's second assignment of error is overruled.
 APPELLANT'S ASSIGNMENT OF ERROR III "THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AFTER JURY DETERMINED AMOUNT OF COMPENSATION DUE APPELLEE, WHICH WAS LESS THAN APPELLEE HAD BEEN COMPENSATED FOR THE SAME INJURIES BY [SAVERKO]."
 {¶ 17} In his third assignment of error, Appellant argues that the trial court improperly denied his motion for JNOV after the jury determined the amount of compensation due to Appellee, which was less than Appellee had been compensated for the same injuries by Saverko. We disagree. *Page 9 
 {¶ 18} When reviewing the propriety of a trial court's decision regarding a motion for JNOV, an appellate court employs the standard of review applicable to a motion for a directed verdict. Posin v. A.B.C.Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275. An appellate court reviews a trial court's ruling on a motion for a directed verdict de novo, as it presents an appellate court with a question of law.Schafer v. RMS Realty (2000), 138 Ohio App.3d 244, 257, citingNichols v. Hanzel (1996), 110 Ohio App.3d 591, 599. A motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 284, citing Durham v. WarnerElevator Mfg Co. (1956), 166 Ohio St. 31, 36; Ruta v. Breckenridge-RemyCo. (1982), 69 Ohio St.2d 66, 68, citing Rohde v. Farmer (1970),23 Ohio St.2d 82, 91.
 {¶ 19} In accordance with Civ.R. 50(A)(4), a directed verdict is properly granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]" Furthermore, if the party opposing the motion for a directed verdict fails to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate.Hargrove v. Tanner (1990), 66 Ohio App.3d 693, 695. Conversely, the motion must be denied where substantial evidence exists upon which *Page 10 
reasonable minds may reach different conclusions. Posin,45 Ohio St.2d at 275. Specifically, Appellant argues that he was entitled to a JNOV because reasonable minds could only come to the conclusion that he was entitled to a set-off of the amount already paid by Saverko.
 {¶ 20} First, there was no determination that Saverko was a person liable in tort. Such a determination was necessary to entitle Appellant to a set-off. Further, as we determined above, any issue of Saverko's liability was not properly before the jury and therefore the jury did not and could not reach the issue. In his oral motion for JNOV, Appellant did not argue that the jury's verdict was incorrect, that it was not supported by sufficient evidence or that reasonable minds could only come to the conclusion that the amount of damages was incorrect. Rather, he argued that the jury's verdict should be set-off with the money that Appellee received from Saverko, thus leaving a zero balance. Essentially Appellant asked the trial court to supplement the jury verdict. In effect, Appellant alleged that the jury verdict was incorrect because he was entitled to a set-off. A motion for JNOV was not the proper mechanism to accomplish this end. Therefore, the trial court properly rejected the motion. Accordingly, Appellant's third assignment of error is overruled.
 APPELLEE/CROSS-APPELLANT'S ASSIGNMENT OF ERROR "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLEE'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT AND GRANTING A NEW TRIAL ON DAMAGES WHERE THE JURY'S AWARD OF Court of Appeals of Ohio, Ninth Judicial District DAMAGES WAS LESS THAN THE UNDISPUTED DAMAGES PRESENTED IN THE CASE — AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 11 
 {¶ 21} In his sole assignment of error, Appellee argues that the trial court abused its discretion in denying his motion for JNOV and granting a new trial on damages where the jury's award was less than the undisputed damages presented in the case, against the manifest weight of the evidence.
 {¶ 22} We are mindful that Appellee's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's judgment. See App.R. 16. We construe Appellee's assigned error as both an argument that the trial court erred in denying his motion for JNOV and that the jury's award was against the manifest weight of the evidence. However, Appellee's contention that we review these arguments under an abuse of discretion standard is improper. The applicable standard of review for a motion for JNOV is de novo, as set out above.
 {¶ 23} We will first address Appellee's argument that the trial court erred by denying his motion for JNOV. After construing the evidence most strongly in the favor of Appellant and finding that reasonable minds could come to but one conclusion upon this evidence, we agree with Appellee and find that the trial court erred by denying his motion.
 {¶ 24} The issue contested at trial was whether Appellant wasresponsible for the injuries Appellee suffered. The amount of damages Appellee had already *Page 12 
suffered was never challenged. It was uncontroverted that Appellee suffered $14,360.13 in past medical bills and $6,412.85 in lost wages resulting from the accident that occurred on September 12, 2002. The jury found Appellant was negligent and was liable to Appellee in the amount of only $20,000.
 {¶ 25} At trial, Appellee testified to his medical bills. Appellant stipulated to these bills, and they were given to the jury to review during deliberations. Appellant's counsel stated at trial that he did not "have any objection to the bills other than to reserve my right to argue that the treatment that he received is not the responsibility of my client. But the bills themselves I have no objection to." Furthermore, Appellant had no objection to Appellee's testimony regarding lost wages, a statement of which was also presented to the jury for use during deliberations. Appellant made no argument at trial that the medical expenses were not incurred as a result of Appellee's injuries from the accident. Rather, Appellant argued that he was not negligent in the accident and therefore, he was not liable to Appellee. Upon review of the evidence, it is clear to this Court that reasonable minds could only conclude that the amount of damages returned by the jury was incorrect. Therefore, we reverse the decision of the trial court and remand with instructions to enter judgment in the amount of $20,772.98, representing Appellee's uncontroverted special damages.
 {¶ 26} We next turn to Appellee's request for a new trial because the verdict was against the manifest weight of the evidence. We review whether a *Page 13 
judgment is against the manifest weight of the evidence in a civil context utilizing the same standard of review as that used in the criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at *6. This Court must, therefore, review the entire record; weigh the evidence and all reasonable inferences; consider the credibility of witnesses; and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Otten (1986), 33 Ohio App.3d 339, 340. In light of our determination on Appellee's JNOV argument, there is no need to address Appellee's manifest weight argument. Accordingly, Appellee's assignment of error is sustained and judgment remanded with instructions to enter judgment for Appellee in the amount of $20,772.98.
 III. {¶ 27} Appellant's assignments of error are overruled. Appellee's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded with instructions to enter judgment in favor of Appellee for $20,772.98.
 Judgment affirmed in part, reversed in part, and cause remanded. *Page 14 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J., BAIRD, J., CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellant states that R.C. 2307.28 is the applicable statute. However, R.C. 2307.28 did not become effective until April 9, 2003 when R.C. 2307.32 was repealed by Senate Bill 120. The cause of action in the present case arose in 2002. Therefore, we must use the law effective at the time the cause of action accrued. *Page 1