DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/Defendant, Jason Ansley ("Contractor"), appeals judgment in favor of Appellees/Plaintiffs, Steve Rusov and Chuck Kyle ("Homeowners") in an action for breach of contract and violation of the Ohio Consumer Sales Practices Act. We reverse.
 {¶ 2} Pursuant to a contract between Contractor and Homeowners, dated May 4, 2004, Contractor was to build a porch on to the front of Homeowners' house according to certain specifications ("the Contract"). Problems arose with regard to Contractor's performance under the Contract, and Homeowners fired *Page 2 
Contractor and engaged another contractor to complete the job. On October 19, 2004, Homeowners filed a lawsuit in the small claims division of the Akron Municipal Court asserting claims for breach of contract and violation of the Ohio Consumer Sales Practices Act and seeking $3,000 in damages. Contractor answered the complaint, asserted a counterclaim against Homeowners for breach of contract, and also sought $3,000 in damages.
 {¶ 3} The matter was heard by a magistrate over three days in March, June and August 2005, and the magistrate issued her opinion on December 6, 2006 ("Magistrate's Decision"). The Magistrate's Decision found in favor of Homeowners and awarded damages in the amount of $3,000, which the magistrate then trebled pursuant to the Ohio Consumer Sales Practices Act ("CSPA"), and awarded Homeowners $12,000 in total damages. Contractor filed timely objections to the Magistrate's Decision.
 {¶ 4} On April 30, 2007, the trial court overruled Contractor's objections, upholding the Magistrate's Decision, but modified the damages award to $9,000 to reflect the damages award of $3,000 trebled ("Judgment Entry").
 {¶ 5} Contractor timely appealed the Judgment Entry and raises one assignment of error.
 Assignment of Error "The lower court erred in awarding damages beyond the monetary jurisdiction of the small claims division." *Page 3 
 {¶ 6} In his sole assignment of error, Contractor asserts that the small claims division of the Akron Municipal Court is without jurisdiction to enter judgment in excess of $3,000 pursuant to R.C.1925.02(A)(1). Contractor further asserts that the exception for CSPA claims set forth in R.C. 1925.02(A)(2) merely explains that the award of treble damages in a CSPA action is not to be construed as an award of punitive or exemplary damages, which a small claims division is precluded from awarding. Contractor argues that R.C. 1925.02(A)(2) does not affect the monetary jurisdiction of the small claims division. Thus, Contractor asserts the trial court acted outside of its jurisdiction when it awarded $9,000 in damages to Homeowners.
 {¶ 7} Contractor also asserts as "Issue Presented No. 2" that the trial court erred in finding that Contractor violated the CSPA because Homeowners did not present expert testimony to establish that Contractor's work was performed in an unworkmanlike manner. However, "[t]his argument is outside the scope of [Contractor's] assigned error and, therefore, need not be addressed." State v. Harris (Aug. 1, 2001), 9th Dist. No. 00CA007691, at *3 fn.1, citing State v. Sage (July 11, 2001), Summit App. No. 20334, unreported, at 3, fn.2, citing App.R. 16(A)(3) and (7) and Loc.R. 7. Loc.R. 7(B)(7), requires that "each assignment of error * * * be separately discussed," and "[a]n appellate court may decline to address any alleged error where the appellant has failed to comply with App.R. 16." See Bertholet v. Bertholet, 9th Dist. No. 21345, 2003-Ohio-4519, at ¶ 31, *Page 4 
citing Arn v. Arn, 9th Dist. No. 21078, 2003-Ohio-3794, at ¶ 15. Contractor cannot argue both liability and damages under the same assignment of error, and the assignment of error, as written, only argues that the trial court erred in awarding damages in excess of its jurisdiction. Thus, we will only address the issue of the damages award.
 {¶ 8} R.C. 1925.02 states, in relevant part:
 "(A)(1) Except as provided in division (A)(2) of this section, a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding three thousand dollars, exclusive of interest and costs.
 "(2)(a) A small claims division does not have jurisdiction in any of the following:
 "(i) Libel, slander, replevin, malicious prosecution, and abuse of process actions;
 "(ii) Actions on any claim brought by an assignee or agent, except a claim to recover taxes that is filed by any authorized employee of a political subdivision or any authorized officer or employee of the state or a claim filed by a person designated under section 1925.18 of the Revised Code to act as the representative of a prosecuting attorney;
 "(iii) Actions for the recovery of punitive or exemplary damages.
 "(b) Division (A)(2)(a) of this section does not exclude actions for the recovery of damages specifically authorized by division (B) of either section 1345.09 or 1345.48 of the Revised Code from the jurisdiction of a small claims division."
 {¶ 9} Contractor asserts that the exception for CSPA claims set forth in R.C. 1925.02(A)(2)(b) merely explains that the award of treble damages in a CSPA action are not to be considered "punitive or exemplary damages," which a *Page 5 
small claims division is precluded from awarding under R.C.1925.02(A)(2)(a)(iii). Contractor argues that limitations and exceptions set forth in R.C. 1925.02(A)(2) do not affect the monetary jurisdiction of the small claims division of $3,000 as set forth in R.C.1925.02(A)(1). Thus, Contractor asserts the trial court acted outside of its jurisdiction when it trebled the $3,000 damages award and issued judgment in favor of Homeowners for $9,000.
 {¶ 10} Homeowners cite two cases in support of the trial court's damages award in excess of $3,000, upon one of which the trial court relied in issuing the Judgment Entry.
 {¶ 11} The Judgment Entry states:
 "While it is clear that the Small Claims Division has the authority to award treble damages when hearing CSPA cases, the issue here turns on whether the Small Claims Division may exceed the $3,000 limit when trebling a damage award. Defendant and Plaintiff have each presented cases in support of their respective arguments, however, the cases cited fail to provide a clear resolution to this issue. The most relevant case seems to be Robinson v. Cleveland Auto Clinic, Inc., 1994 WL 264270, (Ohio App. 8 Dist.,1994). The Court in Robinson held that `R.C. 1925.02(A)(2)(b) expressly gives jurisdiction to the small claims court to permit recovery of damages in excess of $2,000.00 when such recovery is warranted pursuant to R.C. 1345.09(B)'. Upon due consideration, the Court adopts the Magistrate's interpretation of R.C. 1345.09, and determines that the Magistrate did not err in awarding treble damages exceeding the current $3,000.00 limit. The damage award, exclusive of the treble damages, was within the Small Claims Division's jurisdiction, and the treble damages are permissible pursuant to the relevant statute."
 {¶ 12} As Contractor's assignment of error asks us to interpret whether or not the trial court erred in its interpretation of a statute, we review this matter de *Page 6 
novo. Kane v. O'Day, 9th Dist. No. 23225, 2007-Ohio-702, at ¶ 6, citingState v. Sufronko (1995), 105 Ohio App.3d 504, 506. ?`A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination.'" Kane, at ¶ 6, quotingBacon v. Atlas Home Corp., 9th Dist. No. 22471, 2005-Ohio-6979, at ¶ 6.
 {¶ 13} Neither the Ohio Supreme Court nor this Court has addressed this exact issue. However, this Court has addressed a similar issue with regard to the award of attorney fees within the jurisdictional limits of the small claims division. In Chaney v. Davis (Sept. 18, 1996), 9th Dist. No. 17593, we found that the trial court's award of $100 in attorney fees was proper where the total jurisdictional limit of the small claims court was not exceeded. Chaney at *2. We so found because we determined that attorney fees do not fall outside the jurisdictional limit set forth in R.C. 1925.02(A)(1). Chaney at *2. Thus, it is clear that jurisdictional limits are to be strictly construed. However, the case before us differs in that R.C. 1925.02(A)(2)(b) expressly addresses the jurisdiction of a small claims division to award treble damages in CSPA cases.
 {¶ 14} Thus, we will rely upon the rules of statutory construction to determine if 1925.02(A)(2)(b) modifies the monetary jurisdictional limits set forth in R.C. 1925.02(A)(1). In construing a statute, "we rely upon well-established rules of statutory construction to determine the legislative intent. To do so, we first look to the language of the statute and its purpose. We must give effect to the *Page 7 
words used in the statute, not delete any words or insert words not used. In addition, R.C. 1.49 sets forth factors for statutory construction that include the object sought to be attained, the circumstances under which the statute was enacted, the common law, and the consequences of a particular construction." (Internal citations omitted). Lesnau v. Andate Ent, Inc. (2001), 93 Ohio St.3d 467, 471. "It is a fundamental rule in construing a statute that all parts of it must be construed together and any apparent contradictions reconciled, if possible." Blackwell v. Bowman (1948), 150 Ohio St. 34, 43-44.
 {¶ 15} R.C. 1925.02(A)(1) limits the monetary jurisdiction limit of the small claims division to $3,000.00. Subsection (A)(2) has two parts: (a) and (b). Subsection (A)(2)(a) sets forth the types of cases and/or damages over which the small claims division could never have jurisdiction. Subsection (A)(2)(b) expressly sets forth an exception to (A)(2)(a) by noting that a small claims division may award damages pursuant R.C. 1345.09(B) or R.C. 1345.48(B), the CSPA. The only portion of (A)(2)(a) that addresses a damages issue to which subsection (A)(2)(b) could be referring is (A)(2)(a)(iii), which precludes a small claims division from having jurisdiction over an action for punitive damages. The only damages allowed under the CSPA that could be deemed punitive are treble damages. Thus, (A)(2)(b) modifies (A)(2)(a) to allow a small claims division to award treble damages, and the parties concede that treble damages are allowed under R.C. 1925.02. However, subsection (A)(2)(b) expressly modifies (A)(2)(a) *Page 8 
and does not expressly or otherwise modify the $3,000.00 monetary jurisdiction limit of subsection (A)(1).
 {¶ 16} We hold, as a matter of law, that a small claims division may award treble damages for violations of the CSPA, but the total award cannot exceed the monetary jurisdiction limit of $3,000.00 as set forth in R.C. 1925.02(A)(1).
{¶ l7} We sustain Contractor's first assignment of error, reverse the judgment of the trial court, and order judgment be entered in favor of Homeowner for $3,000.00.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 9 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
 CARR, J. DICKINSON, J. CONCUR *Page 1