DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendants-Appellants Carolyn Carmack and Janet Schwan ("Renters") appeal from the judgment of the Cuyahoga Falls Municipal Court. This Court affirms.
 I {¶ 2} Renters signed a lease on June 30, 2004 with Plaintiff-Appellee H. Ward Chorpenning ("Landlord"). By its terms, the lease was to begin on July 1, 2004 and last one year. At the time the lease was executed, Renters paid Landlord $4,125. This amount represented one month of rent at $1,275 and a security deposit of $2,850. The lease also contained a provision that created a month-to-month *Page 2 
tenancy at the end of one year under which Renters were required to pay rent of $2,000 per month.
 {¶ 3} At the end of one year, Renters remained in the apartment and continued to pay $1,275 per month for rent. This occurred for three months while the parties attempted to negotiate a new lease. When no agreement could be reached, Renters vacated the apartment. On October 6, 2005, Landlord filed suit to evict Renters and recover damages. In response, Renters counterclaimed. In their counterclaim, Renters asserted that Landlord did not return their security deposit, nor send them an itemized list of deductions to justify his withholding.
 {¶ 4} As Renters had previously vacated the apartment, Landlord's forcible entry and detainer action was dismissed. The damage claims of both parties were then tried to a magistrate. The magistrate concluded that Landlord had failed to properly notify Renters that he was withholding the security deposit. In addition, the magistrate found Renters had not paid utilities as required under the lease and as a result Landlord had been forced to pay those utilities. The magistrate also concluded that the property was not uninhabitable as argued by Renters. Based on his conclusions, the magistrate awarded damages to Landlord, but offset the security deposit against those damages.
 {¶ 5} Both Renters and Landlord objected to the magistrate's decision, but neither party submitted a transcript of the proceedings before the magistrate. On September 24, 2007, the trial court overruled the parties' objections. As a result, *Page 3 
Landlord received judgment in his favor in the amount of $2,592.02. Renters timely appealed the trial court's judgment, raising three assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN CONCLUDING THAT THE APPELLANTS WERE NOT ENTITLED TO THE ORC SECTION 5321.16 RELIEF REGARDING THE SECURITY DEPOSIT."
 {¶ 6} In their first assignment of error, Renters assert that the trial court erred when it failed to award them damages based on Landlords' failure to comply with R.C. 5321.16. We disagree.
 {¶ 7} Under R.C. 5321.16, a landlord who has suffered damages after a tenant has terminated his lease may retain a portion of the security deposit necessary to remedy the damages. To retain the security deposit, or a portion thereof, the landlord must furnish a written notice to the tenant itemizing the damages and the amounts withheld, and return any remaining portion to the tenant "within thirty days after termination of the rental agreement and delivery of possession." R.C. 5321.16(B). "[A] landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees." Smith v. Padgett (1987),32 Ohio St.3d 344, 349; Bacon v. Atlas Home Corp., 9th Dist. No. 22471,2005-Ohio-6979, at ¶ 8 (holding tenant was entitled to both double damages and *Page 4 
reasonable attorney fees because landlord wrongfully withheld his security deposit). In fact, "the award of damages provided in R.C.5321.16(C) is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit." Klemas v. Flynn (1993), 66 Ohio St.3d 249,251, citing Padgett, 32 Ohio St.3d 344, at paragraph three of the syllabus. However, the Ohio Supreme Court has held that the "term `amount wrongfully withheld' means that the amount found owing from the landlord to the tenant over and above any deductions that the landlord may lawfully make." Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 29.
 {¶ 8} In the instant matter, the magistrate and trial court concluded that Landlord was legally entitled under the lease to recover his payments for utility bills that were Renters' responsibility. This recovery was in excess of $3,000, while Renters' security deposit totaled $2,850. As Landlord was legally entitled to deduct an amount in excess of the security deposit, Renters' failed to demonstrate that any portion of their security deposit was "wrongfully withheld." The trial court, therefore, did not err when it refused to award damages under R.C. 5321.16(C).
 {¶ 9} In addition, the trial court did not err when it refused to award Renters' attorney fees. "[S]uch fees may be awarded only when a tenant prevails on his claim for damages based upon the trial court's finding that the landlord has wrongfully withheld any amount due the tenant." Vardeman, 17 Ohio St.3d at 29. *Page 5 
As Renters failed to establish that any amount was wrongfully withheld, they may not recover attorney fees.
 {¶ 10} Renters' first assignment of error lacks merit.
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN CONCLUDING THAT THE RENT TO BE PAID WAS TO BE ESCALATED TO THE `HOLDOVER AMOUNT.'"
 {¶ 11} In their second assignment of error, Renters allege that the trial court improperly calculated the amount of rent owed to Landlord. We disagree.
 {¶ 12} The parties' lease provided in pertinent part as follows:
 "Any holding over after expiration of this Agreement, with the consent of [Landlord], will be a month-to-month tenancy at a monthly rent of $2000 * * * until either party terminates the same by giving the other part thirty (30) days written notice."
It is undisputed that Renters remained on the property for three months following the expiration of the lease. During that time, Renters continued to pay $1,275 per month instead of the $2,000 required under the lease. In an attempt to avoid paying this higher amount, Renters assert that Landlord's acceptance of the lower amount eliminates any right to recover the higher amount. This Court disagrees.
 {¶ 13} We have previously held that "when a lease provides a renewal option at an increased rental or a holdover option at an increased rental, a landlord does not waive its right to the increased amounts by failing to collect them." Bohlmamn v. Cox (Nov. 1, 1995), 9th Dist. No. 17166, at *2. *Page 6 
 "A lessee cannot ignore an automatic rental increase because the lessor unintentionally did not demand the increase, have use of the additional sum for the lease term hoping that the lessor intentionally did not demand the increase, and upon demand, avoid payment claiming material prejudice." Natl. City Bank, Akron v. Exec. Business Sys., Inc. (1990), 67 Ohio App.3d 380, 383.
Consequently, Landlord's failure to collect the additional holdover rent for the three months prior to the eviction does not preclude him from recovering the higher amount. Thus, the trial court did not err in awarding Landlord damages for Renters' underpayment of the holdover rent.
 {¶ 14} Renters' second assignment of error lacks merit.
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN CONCLUDING THAT THE DEMISED PREMISES WAS, IN FACT, `INHABITABLE' WHEN NO PHONE SERVICES WERE PROVIDED AND ONE-THIRD OF THE PREMISES WAS UNUSABLE."
 {¶ 15} In their final assignment of error, Renters allege that the trial court erred when it failed to determine that the property was uninhabitable. Renters have failed to demonstrate error on appeal.
 {¶ 16} Civ.R. 53(D)(3)(b)(iii) governs objections to a magistrate's decision and provides as follows:
 "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *Page 7 
When the objecting party fails to provide a transcript or affidavit, this Court has held that the magistrate's findings of fact are considered established and may not be attacked on appeal. Haley v.Wilson, 9th Dist. No. 20967, 2002-Ohio-3987, at ¶ 5.
 {¶ 17} In the instant matter, the magistrate's findings of fact included the following:
 "[Renters'] counterclaims for uninhabitability did not rise to the level of constructive eviction (problems in the basement), and were not quantified by Defendants. Lack of telephone line is not a violation of R.C. 5321.04."
In addition, the magistrate recited the evidence presented at the hearing, noting that Renters claimed that there was standing water in the basement and no phone line in the apartment. When they objected to the magistrate's finding, however, Renters failed to provide the trial court with a transcript. Consequently, we are limited to determining whether the trial court's application of the law to the magistrate's findings of fact was an abuse of discretion. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. *Page 8 
 {¶ 18} In his ruling, the magistrate concluded that the facts presented did not support a finding that the apartment was uninhabitable and that Renters had failed to present evidence of damages resulting from the property conditions. As noted above, Renters did not file a transcript to support their objections, so they may not challenge the magistrate's finding of fact. Accepting the magistrate's finding of fact as true, we cannot say that the trial court abused its discretion. As noted, the magistrate found that Renters had offered no evidence to quantify their damages from the alleged conditions on the property. Consequently, Renters could not succeed on their claim for damages. As such, the trial court did not err when it applied the law to the facts found by the magistrate and denied Renters relief.
 {¶ 19} Renters' third assignment of error lacks merit.
 III {¶ 20} Renters' assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this *Page 9 
judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
 SLABY, P. J. DICKINSON, J. CONCUR. *Page 1