**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 376.]**

CHRISTE ET AL., APPELLEES, *v*. GMS MANAGEMENT COMPANY, INC.,
APPELLANT.

**[Cite as *Christe v. GMS Mgt. Co., Inc.*, 2000-Ohio-351.]**

*Landlords and tenants—Security deposits—Attorney fee awards made pursuant*
*to R.C. 5321.16(C) are to be assessed as costs and not awarded as*
*damages.*

Attorney fee awards made pursuant to R.C. 5321.16(C) are to be assessed as costs.

(Nos. 99-450 and 99-926—Submitted January 26, 2000—Decided April 19,
2000.)

APPEAL from and CERTIFIED by the Court of Appeals for Summit County, No.
18992.

_____

{¶ 1} On November 30, 1995, appellees, Charles and Lizabeth Christe, filed a complaint in the Barberton Municipal Court, alleging that their landlord, appellant, GMS Management Co., Inc., had wrongfully withheld their security deposit. On July 2, 1996, the trial court granted appellees summary judgment and, pursuant to R.C. 5321.16, awarded them twice the amount of the security deposit withheld plus attorney fees in an amount to be determined later. On November 27, 1996, the amount of the attorney fees was set at $700.

{¶ 2} The appellant appealed the trial court's decision to the Ninth District Court of Appeals. The court of appeals affirmed the trial court's order in its entirety. The appellees then filed in the trial court a Civ.R. 60(B) motion seeking supplemental attorney fees for defending the judgment on appeal. On February 26, 1998, the trial court granted this motion and awarded the appellees an additional $750 in attorney fees as "damages." The appellant again appealed to the Ninth District Court of Appeals, this time arguing that attorney fees under R.C.

5321.16(C) are "costs," not "damages." The court of appeals affirmed the trial court's decision, holding that, under R.C. 5321.16(C), attorney fees are to be awarded as damages rather than assessed as costs.

{¶ 3} On January 25, 1999, appellant filed in the court of appeals a motion to certify a conflict. The court of appeals found that a conflict exists on the issue of whether attorney fees under R.C. Chapter 5321 are to be awarded as damages or assessed as costs. The court of appeals entered an order certifying that its decision was in conflict with the judgment of the Sixth District Court of Appeals in *Breault v. Williamsburg* (Nov. 21, 1986), Lucas App. No. L-86-116, unreported, 1986 WL 13169.

{¶ 4} This cause is now before this court upon our determination that a conflict exists (case No. 99-926) and upon the allowance of a discretionary appeal (case No. 99-450).

_____

*Kenneth R. Teleis*, for appellees.

*Paul M. Greenberger*, for appellant.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 5} The question certified by the court of appeals is whether, under R.C. Chapter 5321, attorney fees shall be assessed as costs or awarded as damages. Although the certified question encompasses the several attorney-fee provisions appearing throughout R.C. Chapter 5321, we confine our analysis and holding to the specific provision involved in this case, R.C. 5321.16(C). For the reasons that follow, we hold that attorney fee awards made pursuant to R.C. 5321.16(C) are to be assessed as costs. Accordingly, we reverse the judgment of the court of appeals.

{¶ 6} R.C. 5321.16(B) imposes upon landlords certain duties with respect to monies held as security deposits. R.C. 5321.16(C) sets forth the remedies available to tenants when landlords fail to fulfill their obligations under division

2

(B). R.C. 5321.16(C) provides that "[i]f the landlord fails to comply with division (B) * * *, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees."

**{¶ 7}** The primary goal in statutory interpretation is to give effect to the intent of the legislature. *State v. Wilson* (1997), 77 Ohio St.3d 334, 336, 673 N.E.2d 1347, 1349. " ' "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." ' " *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353. An answer to the question of whether the legislature intended attorney fees under R.C. 5321.16(C) to be awarded as damages or assessed as costs does not appear on the face of the statute. Where, as here, a statute is subject to various interpretations, we invoke rules of statutory construction in order to arrive at the legislative intent. *Symmes Twp. Bd. of Trustees v. Smyth* (2000), 87 Ohio St.3d 549, 553, 721 N.E.2d 1057, 1061. In R.C. 1.49, the General Assembly provides some specific rules of statutory construction, which serve as guideposts for courts to follow when interpreting ambiguous statutes. *Id.*, 87 Ohio St.3d at 556, 721 N.E.2d at 1063. They include, among other things, the common law, the object sought to be attained by the legislature, and the consequences of a particular construction. R.C. 1.49. Applying these guideposts, we conclude that the legislature's intent was to allow R.C. 5321.16(C) attorney fees as costs, not damages.

**{¶ 8}** Under our common law, attorney fees are in the nature of costs. *State ex rel. Beacon Journal Publishing Co. v. Ohio Dept. of Health* (1990), 51 Ohio St.3d 1, 3, 553 N.E.2d 1345, 1347. We have defined "costs" as encompassing " 'statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment.' " *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 50-51, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926. Attorney fees plainly fall

within this definition. Furthermore, we have repeatedly held that when a statute authorizes the awarding of attorney fees, it does so by allowing the fees to be taxed as costs rather than awarded as damages. *Beacon Journal*, *supra*, 51 Ohio St.3d at 3, 553 N.E.2d at 1347; *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528-529; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666. Certainly, the legislature could have expressly stated in R.C. 5321.16(C) that attorney fees are recoverable damages. However, in the absence of such express language, we are unwilling to depart from our long-standing practice of treating statutorily authorized attorney fees as costs.

{¶ 9} Our holding is consistent with at least one of the legislative objectives underlying R.C. 5321.16(C). A commonly accepted view of the purpose underlying this statute is that attorney fees are provided for in order to ensure the return of wrongfully withheld security deposits at no cost to tenants. *Lacare v. Dearing* (1991), 73 Ohio App.3d 238, 241, 596 N.E.2d 1097, 1099; *Sherwin v. Cabana Club Apts.* (1980), 70 Ohio App.2d 11, 17, 24 O.O.3d 11, 14, 433 N.E.2d 932, 937. A court award of costs serves precisely the same purpose. Ohio adheres to the "modern theory" that costs "are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court." *Symons v. Eichelberger* (1924), 110 Ohio St. 224, 238, 144 N.E. 279, 283.

{¶ 10} In reaching our holding, we are mindful of the fact that the way in which we define R.C. 5321.16(C) attorney fees has procedural consequences. If the fees are damages, then the availability and amount of such fees have to be determined by the jury. *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 557, 644 N.E.2d 397, 401. This could result in a cumbersome and awkward process. In calculating attorney fee awards, we require that a number of factors be considered, including, among other things, the time and labor involved in maintaining the litigation, the novelty and difficulty of the questions presented, the

professional skill required to perform the necessary legal services, the reputation of the attorney, and the results obtained. *Bittner v. Tri-County Toyota*, *Inc.* (1991), 58 Ohio St.3d 143, 145-146, 569 N.E.2d 464, 467. While juries are likely to be unfamiliar with most of these considerations, courts are quite familiar with their application.

{¶ 11} For the above reasons, we find that attorney fees under R.C. 5321.16(C) are costs. Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

COOK, J., concurs in judgment only.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 12} While I agree with the majority's conclusion, I believe that we should also clarify what we mean by "procedural consequences" with regard to the application for attorney fees. The majority's holding reverses the appellate court's judgment that affirmed an award of "supplemental" attorney fees as "damages." I agree with the majority that these attorney fees are "costs." However, I believe that the majority's holding fails to address the inevitable question of in which forum a tenant may seek to recover attorney fees. For the following reasons, I believe that a tenant may not only petition the trial court, but may also petition the respective courts of appeals for attorney fees in these cases.

{¶ 13} First, our determination that attorney fees are costs, as opposed to damages, removes any bar that would prevent subsequent courts of appeals from independently awarding attorney fees for the tenant's costs of having to continue to pursue or defend the action at the appellate level. However, perhaps more important is that the very purpose of awarding reasonable attorney fees in an action

based on R.C. 5321.16 is "to enable a tenant to recover the wrongfully withheld portion of his security deposit at no cost to himself." *Berlinger v. Suburban Apt. Mgt. Co.* (1982), 7 Ohio App.3d 122, 125, 7 OBR 155, 159, 454 N.E.2d 1367, 1372. To limit recovery of attorney fees in these cases to petitions in the trial court will only diminish this purpose. Thus, I would further hold that a tenant who successfully prosecutes an action for a wrongfully held security deposit may petition the trial court for attorney fees, and if successful on appeal, may subsequently petition the appellate court(s) for attorney fees expended in litigating the case on appeal.

**{¶ 14}** In this case, the Christes were awarded attorney fees by the trial court. That award was not challenged and still stands. However, the majority reverses the appellate court's affirmance of the award of "supplemental" attorney fees for defending the case in that court. By doing so we leave uncertain whether the Christes are left now with no recovery for their attorney fees for the appeal or whether they may yet apply to the appropriate appellate court for attorney fees. I believe that the Christes should be able to recover their attorney fees expended in the appellate court, as well as in this court. Therefore, I would hold that the Christes may directly petition the appellate court, as well as in this court, for the cost of the services their attorneys provided in successfully defending this case on appeal. By doing so, we would make them whole as the statute intended. *Berlinger, supra*.

_____