OPINION
{¶ 1} Plaintiff-appellant, Karen Compton, appeals a decision of the Clinton County Municipal Court awarding her $225 but denying her request for double damages and attorney fees under R.C. 5321.16.
 {¶ 2} In June 2002, appellant signed a one-year lease agreement to rent a residence in Wilmington, Ohio from defendant-appellee, Richard Spinks. Appellant gave Spinks $400 as a security deposit. In October 2002, appellant notified Spinks of her intention to vacate the property. Appellant vacated the property on October 31, 2002, provided Spinks with her forwarding address, and demanded the return of her security deposit. Spinks refused to refund any portion of the security deposit on the ground that appellant had breached the lease agreement.
 {¶ 3} Appellant filed a complaint in the trial court for the wrongful withholding of her security deposit. Appellant sought double damages and attorney fees under R.C. 5321.16. Spinks filed a counterclaim seeking $240 in damages for cleaning costs, one month rent, and attorney fees.
 {¶ 4} On July 23, 2003, the trial court found that Spinks was entitled to $175 for excessive cleaning and entered a judgment in favor of appellant for $225. However, the court declined to award double damages to appellant or attorney fees to either party for the following reasons: "The court finds that [appellant] is allowed out of her lease per ORC 5321.01(B). The court also finds that [Spinks] did comply with ORC as to the security deposit (notice of not returning the same) and double damages are not warranted. The court does find there was needed cleaning." The court arrived at the $225 figure by subtracting the $175 owed to Spinks from the $400 security deposit.
 {¶ 5} The trial court subsequently clarified its decision not to award double damages or attorney fees: "[T]his court did not find that any of the security deposit was wrongfully withheld per ORC 5321.16(B) (C) * * * [because Spinks] did, by a writing communicate with [appellant] that he was not returning the security deposit because he believed she moved out and breached the lease. * * * Therefore this court finds that a portion of the security deposit needs to be returned but that it was no way wrongfully withheld to start with per * * * ORC 5321.16(B) (C). As a direct result of this finding no attorney fees are awarded per 5321.16(C)." This appeal follows in which appellant raises two assignments of error.
 {¶ 6} In her two assignments of error, appellant argues that the trial court erred by failing to award her double damages and attorney fees under R.C. 5321.16. We agree.
 {¶ 7} R.C. 5321.16 provides in pertinent part:
 {¶ 8} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with [R.C.] 5321.05 or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession.
 {¶ 9} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorney fees."
 {¶ 10} It is well-settled that the provisions of R.C.5321.16(B) and (C) are mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit: "under R.C.5321.16(B) and (C), a landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees. Such liability is mandatory, even if the landlord gave the tenant an itemized list of deductions from the deposit pursuant to R.C. 5321.16(B)." Smith v. Padgett (1987),32 Ohio St.3d 344, 349.
 {¶ 11} R.C. 5321.16(B) and (C) do not require bad faith on the part of the landlord before a tenant can recover double damages. Id. Likewise, an award of attorney fees is not contingent on a showing of bad faith on the part of the landlord in wrongfully withholding a security deposit. See Buck v.Georgian Manor Invest. (Mar. 30, 1995), Cuyahoga App. No. 67170.
 {¶ 12} The Ohio Supreme Court has defined the terms "amount due" in subsection (B) and "money due" in subsection (C) of R.C.5321.16 as "the security deposit, less any amounts found to be properly deducted by the landlord for unpaid rent or damages to the rental premises pursuant to R.C. 5321.16(B) or pursuant to the provisions of the rental agreement." Vardeman v. Llewellyn
(1985), 17 Ohio St.3d 24, 29. The supreme court has further defined the term "wrongfully withheld" as "the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make." Id.
 {¶ 13} The trial court found that Spinks was entitled to keep $175 from the security deposit for cleaning costs and ordered him to return $225 to appellant. Based upon the foregoing definitions, it is clear that the $225 was wrongfully withheld by Spinks under R.C. 5321.16(B) and (C). It follows that the trial court was required to award appellant not only the $225 as the amount wrongfully withheld by Spinks from her security deposit, but also an amount equal to the amount wrongfully withheld for a total recovery of $450, as well as attorney fees. See Munsie v.Welkener (July 7, 1997), Warren App. No. CA96-08-080.
 {¶ 14} We therefore find that the trial court erred by failing to award appellant double damages and attorney fees under R.C. 5321.16. Appellant's two assignments of error are well-taken and sustained. The trial court's judgment is reversed and remanded. On remand, the trial court is ordered to award appellant $225, plus damages in an equal amount, for a total of $450. The trial court is also ordered to award appellant reasonable attorney fees, but only with regard to appellant's security deposit claim.
 {¶ 15} Also pending before this court is a motion by appellant requesting that we order Spinks to pay attorney fees with regard to this appeal.[1] Appellant notes that the purpose of allowing attorney fees at the trial level under R.C.5123.16 is "to ensure the return of wrongfully withheld security deposits at no cost to tenants." Christe v. GMS Mgt. Co., Inc.,88 Ohio St.3d 376, 378, 2000-Ohio-351. She argues that "the legislative intent of the statute must be taken to the next logical step, and Appellant should be awarded her attorney fees and costs expended in this Court."
 {¶ 16} We note that the Sixth Appellate District has construed R.C. 5321.16(C) as permitting an appellate court to award a tenant appellate attorney fees. See Kreps v. Pesina
(Aug. 2, 1996), Lucas App. No. L-95-377; Breault v. WilliamsburgEstates (Nov. 21, 1986), Lucas App. No. L-86-116. However, despite Justice Lundberg Stratton's suggestion in her concurring opinion in Christe that a tenant, who on appeal successfully defends or challenges a trial court's decision regarding a security deposit claim, should be able to recover attorney fees expended in litigating the case on appeal, Christe at 379, the supreme court has to date declined to apply R.C. 5321.16 to petitions for appellate attorney fees. We therefore decline to follow the Sixth Appellate District. Appellant's request for appellate attorney fees is denied.
 {¶ 17} Judgment reversed and this cause is remanded for further proceedings according to law and consistent with this opinion.
Powell and Walsh, JJ., concur.
[1] We note that stapled to Spinks' brief is a petition by Spinks seeking an "award of reasonable attorney fees incurred in prosecuting this appeal." Attorney fees are charges to a client for services performed by an attorney for the client. Spinks is not an attorney and proceeded pro se in this appeal. As a result, we deny his request for appellate attorney fees.