DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Evelyn and Harry Klein, appeal from the judgment of the Akron Municipal Court which denied their request for statutory damages under R.C. 5321.16. This Court reverses.
 I. {¶ 2} The parties entered into a written agreement for the one year rental of a residence owned by Appellee, Alvin Moutz ("Landlord"). On or about November 15, 2005, Appellants ("Tenants") vacated the premises. In a letter dated November 15, 2005, Tenants requested that Landlord return their $465.00 security deposit and provided Landlord with a forwarding address. In a letter dated December 20, 2005, Landlord informed Tenants that he would not return the security deposit. In the month following the termination of the rental agreement, Landlord failed to provide Tenants with (1) written notice of his itemized deductions and/or (2) any portion of the security deposit.
 {¶ 3} On January 3, 2006, Tenants filed suit against Landlord in the Akron Municipal Court, requesting return of their security deposit plus statutory damages under R.C. 5321.16 and court costs. Along with the complaint, Tenants also filed a request for production of documents and interrogatories, which Landlord answered on January 18, 2006. On February 7, 2006, Tenants filed a motion for default judgment due to Landlord's failure to file an answer. On February 9, 2006, the trial court denied this motion and, in the interest of justice, deemed Landlord's discovery responses to serve as his answer and a counterclaim that alleged damages to the premises. The trial court set February 24, 2006 as the discovery deadline. Tenants then sent a demand letter to Landlord to complete discovery by February 18, 2006. Landlord supplemented his interrogatory answers on February 21, 2006. Tenants then filed a second motion for default judgment and/or sanctions on February 27, 2006, alleging Landlord failed to comply with discovery because his answers were incomplete and he refused to hand over requested documents. Tenants sought judgment in the amount of $930.00, which represented double the amount of the security deposit improperly withheld, plus $1725.00 in attorney fees.
 {¶ 4} The trial court granted the motion and awarded Tenants $930.00, plus interest and court costs. The court found that Landlord was in violation of its orders regarding the completion of discovery. Further, the court found that Landlord had not completely answered Tenants' interrogatories nor had he responded to Tenants' Request for Production of Documents. Notwithstanding these findings, the court denied Tenants' motion for attorney fees. Tenants timely appealed from the trial court orders (1) failing to award attorney fees under Ohio R.C. § 5321.16(C) and (2) failing to award attorney fees as a discovery sanction under Ohio Civ. R. 37(A)(4) and 37(B)(2)(E).
 II. ASSINGMENT OF ERROR I
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO AWARD ATTORNEY FEES TO THE APPELLANTS UNDER OHIO R.C. §5321.16(C), AFTER THE TRIAL COURT GRANTED JUDGMENT IN THEIR FAVOR."
 {¶ 5} In their first assignment of error, tenants claim the trial court erred by failing to award them attorney fees. They contend that the trial court was required to award them attorney fees once it was determined that Landlord had failed to comply with R.C. 5321.16(B). We agree.
 {¶ 6} The standard of review in an appeal from a trial court's interpretation and application of a statute is de novo.State v. Sufronko (1995), 105 Ohio App.3d 504, 506. "A de novo review requires an appellate court to conduct an independent review of the trial court's decision without deference to the trial court's determination." Bacon v. Atlas Home Corp., 9th Dist. No. 22471, 2005-Ohio-6979, at ¶ 6.
 {¶ 7} R.C. 5321.16 provides the procedure that landlords must follow with respect to the return of security deposits:
"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security depositshall be itemized and identified by the landlord in a writtennotice delivered to the tenant together with the amount due,within thirty days after termination of the rental agreement anddelivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." (Emphasis added.)
 {¶ 8} Therefore, under R.C. 5321.16, a landlord who has suffered damages after a tenant has terminated his lease may retain a portion of the security deposit necessary to remedy the damages. To retain the security deposit, or a portion thereof, the landlord must furnish a written notice to the tenant itemizing the damages and the amounts withheld, and return any remaining portion to the tenant "within thirty days after termination of the rental agreement and delivery of possession." R.C. 5321.16(B). "[A] landlord who wrongfully withholds a portion of a tenant's security deposit is liable for damages equal to twice the amount wrongfully withheld and for reasonable attorney fees." Smith v. Padgett (1987), 32 Ohio St.3d 344, 349;Bacon, supra, at ¶ 8 (holding tenant was entitled to both double damages and reasonable attorney fees because landlord wrongfully withheld his security deposit). In fact, "the award of damages provided in R.C. 5321.16(C) is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit."Klemas v. Flynn (1993), 66 Ohio St.3d 249, 251, citingPadgett, 32 Ohio St.3d 344, at paragraph three of the syllabus. The Ohio Supreme Court has held that the "term `amount wrongfully withheld' means that the amount found owing from the landlord to the tenant over and above any deductions that the landlord may lawfully make." Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24,29.
 {¶ 9} In the instant case, neither party disputes that (1) on or about November 15, 2005, Tenants vacated the premises, turned over possession of the property to Landlord, sent Landlord notice they were vacating the premises and included a forwarding address, (2) on January 3, 2006, Tenants filed this complaint and (3) Landlord did not provide Tenants with written notice itemizing the damages and the amount of the security deposit he withheld within thirty days after termination of the rental agreement and delivery of possession. These undisputed facts establish that when Landlord failed to provide Tenants with written notice itemizing any damages along with the remaining portion of the security deposit within thirty days of the termination of the rental agreement and delivery of possession of the premises, Landlord violated R.C. 5321.16(B).
 {¶ 10} The trial court here found that Tenants were entitled to $930.00, which represents double the security deposit that was improperly withheld. The Ohio Supreme Court has held that "the award of damages provided in R.C. 5321.16(C) [double damages and reasonable attorney fees] is mandatory if a landlord wrongfully withholds a portion of a tenant's security deposit" Klemas,66 Ohio St.3d at 251, citing Padgett, 32 Ohio St. 3d 344, at paragraph three of the syllabus. Upon the trial court's finding that Landlord had wrongfully withheld a portion of the security deposit, the court was obligated under Ohio law to award both double damages and reasonable attorney fees. Consequently, we find that Tenants were entitled to $930.00, or twice the $465.00 security deposit along with reasonable attorney fees.
 {¶ 11} The trial court shall "determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented." Padgett, 32 Ohio St.3d at 349. As the trial court may exercise its discretion in determining the award of attorney fees, we reverse and remand so that the trial court may award reasonable attorney fees. Tenants' assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO AWARD ATTORNEY FEES TO THE APPELLANTS UNDER OHIO CIV.R.37(A)(4) AND 37(B)(2)(E)
AS A DISCOVERY SANCTION, AFTER THE TRIAL COURT GRANTED JUDGMENT IN THEIR FAVOR."
 {¶ 12} In their second assignment of error, Tenants claim the trial court erred in failing to award them attorney fees under Ohio Civ. R 37(A)(4) and 37(B)(2)(E). However, in our disposition of Tenants' first assignment of error, we found that Tenants are entitled to attorney fees under R.C. 5321.16(C). Therefore, we need not reach the second assignment of error and decline to address the same.
 III. {¶ 13} Tenants' first assignment of error is sustained. The judgment of the Akron Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, P.J., Boyle, J., concur.