DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Evelyn and Harry Klein, appeal from the judgment of the Akron Municipal Court which awarded them attorney's fees in the amount of $1,725. This Court affirms.
 I. {¶ 2} On September 26, 2006, this Court decided the first appeal in this matter. See Klein v. Moutz, 9th Dist. No. 23132, 2006-Ohio-4974. In that decision, this Court noted that the award of attorney fees to a successful party is mandatory under R.C. 5321.16(C). Id. at ¶ 10. Following remand, appellants submitted an application in support of an award of attorney's fees. In that *Page 2 
application, appellants sought an award of fees incurred in the trial court and on appeal to this Court. The trial court granted the motion in part and awarded fees in the amount of $1,725. The trial court, however, refused to award appellants any attorney's fees incurred during the appeal of this matter. Appellants have timely appealed the trial court's judgment, raising three assignments of error. For ease of consideration, this Court has consolidated appellants' assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT APPELLANTS WERE NOT ENTITLED TO ATTORNEY FEES FOR SUCCESSFULLY WINNING A PRIOR APPEAL IN KLEIN V. MOUTZ, 9TH DIST. NO. 23132, 2006-OHIO-4974, BECAUSE THEIR ATTORNEY COULD HAVE RAISED THE ISSUE OF ATTORNEY FEES AT THE TRIAL LEVEL IN A LESS COSTLY MANNER THROUGH A MOTION UNDER OHIO CIV.R. 60(B)."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT APPELLANTS WERE NOT ENTITLED TO ATTORNEY FEES FOR SUCCESSFULLY WINNING A PRIOR APPEAL IN KLEIN V. MOUTZ, 9TH DIST. NO. 23132, 2006-OHIO-4974, BECAUSE OHIO R.C. § 5321.16(C) DOES NOT APPLY TO PETITIONS FOR APPELLATE FEES."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT APPELLANTS WERE NOT ENTITLED TO ATTORNEY FEES FOR SUCCESSFULLY WINNING A PRIOR APPEAL IN KLEIN V. MOUTZ, 9TH DIST. NO. 23132, 2006-OHIO-4974, BECAUSE THE AWARDING OF *Page 3 
SUCH AN AMOUNT WOULD BE UNREASONABLE WHEN COMPARED TO THE ORIGINAL AMOUNT OF DAMAGES."
 {¶ 3} In each of their assignments of error, appellants have argued that the trial court erred when it refused to award them attorney's fees related to the first appeal of this matter. This Court disagrees.
 {¶ 4} In Christe v. CMS Mgmt. Co., Inc. (Jan. 20, 1999), 9th Dist. No. 18992, this Court upheld a trial court ruling which had supplemented attorney's fees under R.C. 5321.16 to include the costs of a successful appeal. This result was achieved in the trial court through the filing of a Civ.R. 60(B) motion to vacate. This Court's decision relied upon a finding that the fees awarded under R.C. 5321.16 were termed "damages" and upon a finding that the trial court could vacate its damage award to accurately reflect all damages. The Ohio Supreme Court, however, expressly overruled this Court's decision. See Christe v. CMS Mgmt. Co.,Inc. (2000), 88 Ohio St.3d 376. In its decision, the Ohio Supreme Court determined that the attorney's fees awarded under R.C. 5321.16 were properly termed "costs." Id. at 378. The Court defined costs as "encompassing statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment." (Citations and quotations omitted.) Id.
 {¶ 5} In her concurring opinion, Justice Lundberg Stratton noted as follows: *Page 4 
 "I believe that the majority's holding fails to address the inevitable question of in which forum a tenant may seek to recover attorney fees. For the following reasons, I believe that a tenant may not only petition the trial court, but may also petition the respective courts of appeals for attorney fees in these cases. * * * By doing so we leave uncertain whether the Christes are left now with no recovery for their attorney fees for the appeal or whether they may yet apply to the appropriate appellate court for attorney fees." (Emphasis added.) Id. at 379-80 (Lundberg Stratton, J., concurring).
We agree with the logic espoused by the above concurring opinion. To the extent that the Ohio Supreme Court has held that attorney's fees in this context are costs, a party must seek their recovery from the appropriate appellate court. As such, we agree with the trial court that it lacked the authority to award costs that were incurred before this Court.
 {¶ 6} Our analysis is strengthened by analogous case law in the federal courts. Generally, a district court lacks the authority to award appellate costs which are not specifically mentioned in Fed.R.App.P.39(e). Whitfield v. Scully (C.A.2, 2001), 241 F.3d 264, 275. Fed.R.App.P. 39(e) details specific costs that a district court may tax that in fact occurred at the appellate level. Ohio has no equivalent rule in its appellate procedure. App.R. 24 permits this Court to award "fees allowed by law." App.R. 24, however, does not grant the trial court authority to award appellate costs in any manner.
 {¶ 7} Accordingly, we find that the costs incurred in an appellate proceeding may only be recovered through petition to the court in which those costs were incurred. This Court notes as well that this is the course of action that *Page 5 
was followed by the tenants involved in Christe after the case was remanded by the Ohio Supreme Court. Moreover, this Court awarded appellate attorney's fees in that matter. See Christe, 9th Dist. No. 18992.
 {¶ 8} The trial court, therefore, properly concluded that it lacked authority under R.C. 5312.16 to award the costs of an appeal that occurred before this Court. Appellants' assignments of error are overruled.
 III. {¶ 9} Appellants' assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 6 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1