KLEIN ET AL., APPELLANTS, *v.* MOUTZ, APPELLEE.

[Cite as *Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329.]

(No. 2007–1551—Submitted March 25, 2008—Decided May 20, 2008.)

LUNDBERG STRATTON, J.

{¶ 1} This matter comes to us on review of a conflict certified by the Ninth District Court of Appeals. We determined that a conflict exists and ordered that the parties brief the following issue:

{¶ 2} "Whether a trial court has the authority to tax costs under R.C. 5321.16 which were incurred at the appellate level." 115 Ohio St.3d 1419, 2007-Ohio-5056, 874 N.E.2d 537.

{¶ 3} For the reasons that follow, we hold that both trial and appellate courts have authority to determine and tax costs under R.C. 5321.16(C) for attorney fees incurred at the appellate level. Therefore, we reverse the judgment of the court of appeals.

{¶ 4} Appellants, Evelyn and Harry Klein, leased an apartment from appellee, Alvin L. Moutz. After they moved out, the Kleins filed a complaint in the Akron Municipal Court alleging that appellee had violated R.C. 5321.16(B) by failing to timely return their security deposit. The Kleins asked for statutory damages under R.C. 5321.16(C) and costs. The court awarded the Kleins damages, but denied their request for attorney fees. The Ninth District Court of Appeals reversed the judgment denying attorney fees and remanded the cause to the trial court for an award of reasonable attorney fees. *Klein v. Moutz*, Summit App. No. 23132, 2006-Ohio-4974, 2006 WL 2742216.

{¶ 5} On remand, the trial court awarded the Kleins the attorney fees they had incurred at the trial level, but denied their fees associated with the appeal. The court of appeals affirmed. *Klein v. Moutz*, Summit App. No. 23473, 2007-Ohio-3242, 2007 WL 1828036. The court relied on *Christe v. GMS Mgmt. Co., Inc.* (2000), 88 Ohio St.3d 376, 726 N.E.2d 497, which held at the syllabus that "[a]ttorney fee awards made pursuant to R.C. 5321.16(C) are to be assessed as costs" and concluded—impliedly—that the trial court lacked authority to award costs that were incurred in the appellate process.

{¶ 6} The court of appeals certified that its decision was in conflict with the judgment of the Sixth District Court of Appeals in *Breault v. Williamsburg Estates* (Nov. 21, 1986), Lucas App. No. L–86–116, 1986 WL 13169.

{¶ 7} R.C. 5321.16(B) imposes certain duties upon landlords with respect to money held as security deposits. When a landlord fails to comply with those obligations, "the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." R.C. 5321.16(C).

{¶ 8} There is no question that a trial court has authority under R.C. 5321.16(C) to award attorney fees incurred at trial. We must now determine whether a trial court may also be a proper forum in which a tenant may seek to recover attorney fees incurred at the appellate level.

{¶ 9} The court below concluded that the Kleins must petition the appellate court for an award of fees related to their appeal because the attorney fees were costs of the appellate proceeding. 2007-Ohio-3242, 2007 WL 1828036, ¶ 7. However, in the conflict case, *Breault v. Williamsburg Estates*, the Sixth District Court of Appeals upheld a judgment in favor of the tenant and remanded the matter to the trial court to determine the amount of attorney fees incurred, including the fees incurred at the appellate level. The trial court granted the tenant's motion for supplemental attorney fees incurred in defending the appeal. The court of appeals affirmed the trial court's decision.

{¶ 10} R.C. 5321.16(C) sets forth the tenant's remedies for a landlord's violation of the statute. "A commonly accepted view of the purpose underlying this

statute is that attorney fees are provided for in order to ensure the return of wrongfully withheld security deposits at no cost to tenants." *Christe*, 88 Ohio St.3d at 378, 726 N.E.2d 497.

{¶ 11} In *Christe*, the trial court had awarded as supplemental "damages" the attorney fees incurred by the tenant to defend the judgment on appeal. The court of appeals affirmed, holding that attorney fees under R.C. 5321.16(C) are damages rather than costs. Our opinion in *Christe* focused on the narrow question of whether attorney fees awarded under R.C. 5321.16(C) are costs or damages. We reversed the court of appeals' judgment and held that the attorney fees must be assessed as costs. *Christe*, 88 Ohio St.3d at 378, 726 N.E.2d 497.

{¶ 12} The court acknowledged in *Christe* that its holding had "procedural consequences" but did not elaborate. Id. As a result, the opinion has generated uncertainty as to the proper forum in which a party may seek attorney fees for the appeal. The concurring opinion in *Christe* addressed this unanswered question. The concurrence opined that a tenant should be able to petition the trial court or the court of appeals for attorney fees under R.C. 5321.16(C). *Christe*, 88 Ohio St.3d at 379–380, 726 N.E.2d 497 (Lundberg Stratton, J., concurring). We now adopt this position.

{¶ 13} R.C. 5321.16 is a remedial statute intended to compensate the tenant for a wrongfully withheld deposit at no expense to the tenant. The trial court is in a better position to determine a fee award, for it may hold a hearing, take testimony, create a record, and otherwise evaluate the numerous factors associated with calculating an attorney-fee award. There is no limiting language in the statute that precludes a trial court from considering fees incurred at the appellate level. Therefore, we hold that a trial court has the authority under R.C. 5321.16(C) to tax as costs the attorney fees incurred at the appellate level.

{¶ 14} This holding is consistent with *Breault*, in which the appellate court remanded the case specifically so that the trial court could assess the costs incurred on appeal. We agree with the reasoning in *Breault* that "[t]he trial court, on remand to assess costs, can easily determine, either in a hearing or by reviewing affidavits, the reasonableness of fees to be awarded. The trial court, having final authority to assess costs, is in the best position to make such an award." *Breault*, Lucas App. No. L–86–116, 1986 WL 13169, at *4.

{¶ 15} This holding is also consistent with judgments by appellate courts authorizing trial courts to assess attorney fees incurred on appeal to a prevailing plaintiff under other remedial statutes. In *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1991), 82 Ohio App.3d 764, 613 N.E.2d 649, the court of appeals upheld the trial court's award of attorney fees under the Consumer Sales Practices Act, specifically R.C. 1345.09(F), when those fees were incurred by the consumer defending the judgment on appeal. In *Gibney v. Toledo Bd. of Edn.*

(1991), 73 Ohio App.3d 99, 596 N.E.2d 591, the court upheld the trial court's award to the prevailing party of attorney fees incurred at the appellate level while litigating a claim under Section 1983, Title 42, U.S.Code. The court reasoned that the trial court is in the best position to resolve factual disputes regarding *appellate* attorney fees through pretrial conferences, evidentiary hearings, and discovery. Id. at 108, 596 N.E.2d 591. See also *Royster v. Toyota Motor Sales, U.S.A., Inc.* (2001), 92 Ohio St.3d 327, 332, 750 N.E.2d 531, in which we ordered the trial court on remand to award reasonable attorney fees *incurred on appeal* by the consumer defending a judgment under Ohio's Lemon Law, R.C. 1345.71 et seq.

{¶ 16} We also agree with the *Christe* concurrence that a tenant should be able to petition a court of appeals for R.C. 5321.16(C) attorney fees that have been incurred on appeal. 88 Ohio St.3d at 379, 726 N.E.2d 497 (Lundberg Stratton, J., concurring). There is nothing in R.C. 5321.16(C) that limits assessment of costs, including reasonable attorney fees, to a trial court. Appellate courts have authority to determine costs, including reasonable attorney fees, under other circumstances. See App.R. 23; R.C. 2323.51. Therefore, we hold that a court of appeals also has the authority to resolve the issue of appellate attorney fees in order to bring the case to conclusion.

{¶ 17} This practical approach furthers an important objective of the statute, i.e., to ensure that the tenant incurs no expense when seeking return of the deposit wrongfully withheld. *Christe*, 88 Ohio St.3d at 379, 726 N.E.2d 497 (Lundberg Stratton, J., concurring). It also facilitates a final resolution of the case, is cost-effective, and promotes judicial efficiency. For instance, if a court of appeals has decided all issues in a case, the tenant may petition that court for reasonable attorney fees incurred in the appeal if entitled to recover under R.C. 5321.16(C). However, if the case is being remanded to the trial court for additional proceedings, it may be more efficient for the lower court to assess attorney fees for the entire case if a tenant is entitled to recover under R.C. 5321.16(C). This approach affords the courts and parties the flexibility to efficiently and expeditiously bring the case to its conclusion.

{¶ 18} Therefore, our answer to the certified question is that a trial court has authority to tax costs under R.C. 5321.16(C) that were incurred at the appellate level. In the alternative, a tenant may petition the court of appeals for an award of costs expended in litigating the appeal.

{¶ 19} For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to the court of appeals for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., concurs in judgment only.

Neil P. Agarwal, for appellants.