DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before the Court upon a remand from the Ohio Supreme Court in the case of Klein v. Moutz, 118 Ohio St.3d 256,2008-Ohio-2329. This Court reverses the decision of the trial court and remands this matter for further proceedings.
 I. {¶ 2} Appellants, Evelyn and Harry Klein (collectively "the Kleins"), originally sought attorney fees in this matter pursuant to R.C. 5321.16(C) after they successfully demonstrated that their landlord had wrongfully withheld their security deposit. After the trial court denied the Kleins their attorney fees, the Kleins appealed to this Court. SeeKlein v. Moutz ("Klein I "), 9th Dist. No. 23132, 2006-Ohio-4974. This Court determined that the trial court erred and remanded the matter for the imposition of attorney fees.
 {¶ 3} Upon remand, the Kleins sought an additional attorney fee award in the trial court for the fees incurred at the appellate level. The trial court awarded the Kleins the fees that they *Page 2 
had incurred in prevailing on their underlying security deposit claim, but declined to award the Kleins their appellate fees. Once again, the Kleins appealed the trial court's decision. See Klein v. Moutz
("Klein II"), 9th Dist. No. 23473, 2007-Ohio-3242. In Klein II, this Court held that the trial court properly denied the Kleins' request for appellate attorney fees because it lacked jurisdiction to impose costs incurred at the appellate level. Id. at ¶ 6-8. Because the Kleins had not sought to recover their appellate attorney fees in this Court, we affirmed the judgment of the trial court and the award of attorney fees in the amount of $1,725.
 {¶ 4} On July 2, 2007, the Kleins filed a motion to certify a conflict in this Court on the issue of whether a trial court had the authority to award fees under R.C. 5321.16(C) for work performed at the appellate level. This Court granted the Kleins' motion to certify, and the Ohio Supreme Court accepted the Kleins' appeal on the certified issue. On May 20, 2008, the Ohio Supreme Court issued its decision, reversing this Court's judgment and remanding the matter for further proceedings consistent with its opinion. See Klein v. Moutz ("Klein III "),118 Ohio St.3d 256, 2008-Ohio-2329. Consequently, the Kleins' appeal is once again before this Court for our consideration.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT APPELLANTS WERE NOT ENTITLED TO ATTORNEY FEES FOR SUCCESSFULLY WINNING A PRIOR APPEAL IN KLEIN V. MOUTZ, 9TH DIST. NO. 23132, 2006-OHIO-4974, BECAUSE THEIR ATTORNEY COULD HAVE RAISED THE ISSUE OF ATTORNEY FEES AT THE TRIAL LEVEL IN A LESS COSTLY MANNER THROUGH A MOTION UNDER OHIO CIV.R. 60(B)." *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT APPELLANTS WERE NOT ENTITLED TO ATTORNEY FEES FOR SUCCESSFULLY WINNING A PRIOR APPEAL IN KLEIN V. MOUTZ, 9TH DIST. NO. 23132, 2006-OHIO-4974, BECAUSE OHIO R.C. 5321.16(C) DOES NOT APPLY TO PETITIONS FOR APPELLATE FEES."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT APPELLANTS WERE NOT ENTITLED TO ATTORNEY FEES FOR SUCCESSFULLY WINNING A PRIOR APPEAL IN KLEIN V. MOUTZ, 9TH DIST. NO. 23132, 2006-OHIO-4974, BECAUSE THE AWARDING OF SUCH AN AMOUNT WOULD BE UNREASONABLE WHEN COMPARED TO THE ORIGINAL AMOUNT OF DAMAGES."
 {¶ 5} In their three assignments of error, the Kleins argue that the trial court erred in failing to award reasonable attorney fees for the work their counsel performed at the appellate level. We agree.
 {¶ 6} In reversing this Court's prior decision, the Ohio Supreme Court determined that "[b]oth trial and appellate courts have authority to determine and tax costs under R.C. 5321.16(C) for attorney fees incurred at the appellate level." Klein III at syllabus. Consequently, the trial court erred in finding that it did not have the authority to award the Kleins their counsel's appellate attorney fees, and the Kleins' assignments of error have merit. While this Court also has the authority to award appellate attorney fees, we are persuaded that "[t]he trial court is in a better position to determine a fee award, for it may hold a hearing, take testimony, create a record, and otherwise evaluate the numerous factors associated with calculating an attorney-fee award." Id. at ¶ 13. For this reason, we remand the matter to the trial court for further proceedings consistent with this opinion. *Page 4 
 III. {¶ 7} The Kleins' assignments of error are sustained. The judgment of the Akron Municipal Court is reversed and the cause is remanded for further proceedings consistent with this opinion. All other outstanding motions in this appeal are denied as moot.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 SLABY, J. DICKINSON, J. CONCUR *Page 1