[Cite as *Sheffield Village Parkside Condominium Assn. v. 5225 Parkhurst, L.L.C.*, 2017-Ohio-129.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

SHEFFIELD VILLAGE PARKSIDE
CONDOMINIUM ASSOCIATION

    Appellee

    v.

5225 PARKHURST, L.L.C., et al.

    Appellant

C.A. No.    16CA010930


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15CV185601

DECISION AND JOURNAL ENTRY

Dated: January 17, 2017

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, 5225 Parkhurst, L.L.C. ("5225 Parkhurst") appeals the judgment of the Lorain County Court of Common Pleas granting summary judgment to Plaintiff-Appellee, Sheffield Village Parkside Condominium Association ("Association"). We reverse and remand.

I.

**{¶2}** This matter arises out of a foreclosure action whereby the Association sought to foreclose on a lien it had recorded against 5225 Parkhurst's real property, a condominium unit located within the Sheffield Village Parkside Condominium complex. The Association is an existing nonprofit corporation organized and doing business under the laws of the State of Ohio. The Association's purpose is to provide a corporate entity for the operation and administration of the Association and to act on behalf of its members. The Association levied the lien in order to recover condominium assessments and fees 5225 Parkhurst owed to the Association pursuant to

the condominium association's governing documents. Subsequently, the Association filed a complaint seeking personal judgment against 5225 Parkhurst and foreclosure of the lien. 5225 Parkhurst filed an answer denying the allegations set forth in the Association's complaint and the matter proceeded through the pretrial process.

{¶3} The Association ultimately filed a motion for summary judgment on the Association's claim for foreclosure of the lien and for money damages. In its response to the Association's motion, 5225 Parkhurst did not dispute that the Association was entitled to payment of the assessment fees. However, 5225 Parkhurst did dispute the Association's contention that it was entitled to recover attorney fees and collection costs. Ultimately, the trial court granted the Association's motion and entered a judgment of foreclosure and a monetary judgment in favor of the Association and against 5225 Parkhurst, which included attorney fees and costs.

{¶4} 5225 Parkhurst filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in awarding the Plaintiff-Appellee attorney fees and litigation expenses which are not necessary and reasonable.**

{¶5} In its sole assignment of error, 5225 Parkhurst contends that the trial court erred in granting summary judgment since the attorney fees and litigation costs were not necessary and reasonable. We agree to the extent that the trial court failed to make a specific finding that the attorney fees were fair, just and reasonable.

{¶6} A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, we apply the same

standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Under Civ.R. 56(C), summary judgment is appropriate when:

> (1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. The non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Civ.R. 56(E).

{¶7} In this case, the trial court granted summary judgment in favor of the Association on the basis that there were no issues of material fact and that the Association had shown it was entitled to recovery of its attorney fees. However, the trial court did not make a specific finding as to whether the attorney fees were fair, just, or reasonable.

{¶8} Generally, Ohio courts have "adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as part of the costs of litigation." *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 548, 2009-Ohio-306, ¶ 7, citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34 (1987), and *State ex rel. Beebe v. Cowley*, 116 Ohio St. 377, 382 (1927). "However, there are exceptions

to this rule. Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees." *Wilborn* at ¶ 7, citing *Nottingdale* at 34. Additionally, with regard to recovery of attorney fees in an action on unpaid common assessments, the Supreme Court of Ohio has specifically held the following:

> [p]rovisions contained within a declaration of condominium ownership and/or condominium by-laws requiring that a defaulting unit owner be responsible for the payment of attorney fees incurred by the unit owners' association in either a collection action or a foreclosure action against the defaulting unit owner for unpaid common assessments are enforceable and not void as against public policy so long as the fees awarded are *fair, just and reasonable as determined by the trial court* upon full consideration of all of the circumstances of the case.

(Emphasis added.) *Nottingdale* at syllabus. "This Court has held that a 'trial court maintains discretion to make the determination as to what [attorney] fee award is reasonable in light of all the facts and circumstances of the case.'" *Mauger v. Inner Circle Condominium Owners Assn.*, 9th Dist. Medina No. 10CA0046-M, 2011-Ohio-1533, ¶ 26 quoting *Jerels v. Begue*, 9th Dist. Summit No. 24700, 2010-Ohio-1964, ¶ 13.

{¶9} In this case, the trial court determined that that the Association had demonstrated that it was entitled to recovery of its attorney fees and costs. However, the trial court failed to explain on what basis the Association was entitled to said attorney fees, nor did the trial court make a determination as to whether the amount awarded was fair, just, and reasonable under the circumstances of this case. Therefore, we conclude that the trial court erred in awarding attorney fees in its decision to grant summary judgment in favor of the Association. As such, we remand this matter to the trial court and instruct it to determine in the first instance whether the attorney fees sought by the Association are fair, just, and reasonable after fully considering the circumstances in this case. *See Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329, ¶ 13 ("The trial court is in a better position to determine a fee award, for it may hold a hearing, take

testimony, create a record, and otherwise evaluate the numerous factors associated with calculating an attorney-fee award.").

{¶10} Accordingly, 5225 Parkhurst's assignment of error is sustained.

III.

{¶11} As we have sustained 5225 Parkhurst's sole assignment of error, the judgment of the Lorain County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings consistent with this decision.

Judgement reversed
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
HENSAL, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SCOTT J. ORILLE and BRIAN P. SCHERF, Attorneys at Law, for Appellant.

DARCY MEHLING GOOD and SHANNON M. MCCORMICK, Attorneys at Law, for Appellee.